IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAKAMMI MOLINA,

        Plaintiff,

V.                                                Case No. 11-CV-939 WJ/WPL

MEDIA NEWS GROUP d/b/a
LAS CRUCES SUN NEWS,

        Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

THIS MATTER comes before the Court on Defendant's Motion to Dismiss For Failure to Prosecute **(doc. 24)**, filed on June 8, 2012. The Court finds that Defendant's motion is well taken and shall be **GRANTED**.

### BACKGROUND

Plaintiff Lakammi Molina filed suit against her former employer, Defendant Media News Group d/b/a Las Cruces Sun News, on August 17, 2011 (doc. 1-2 at 2). She alleged that her employer had discriminated against her on the basis of national origin and sex and she alleged that Defendant was liable for negligent training and supervision (doc. 1-2 at 2). Defendant removed to this Court on October 20, 2011 (doc. 1).

Defendants served Plaintiff with written discovery on March 15, 2012 (doc. 19). Plaintiff's counsel responded on April 13, 2012 (doc. 24-1) and advised that the lack of substantive and verified responses were due to the fact that counsel could not locate Plaintiff (doc. 24). The parties scheduled Plaintiff's deposition for April 28, 2012, which was cancelled. The parties rescheduled Plaintiff's deposition for April 30, 2012, which was also cancelled. The parties rescheduled Plaintiff's deposition for May 8, 2012, but then Plaintiff's counsel informed

Defendants that counsel could not find Plaintiff. The parties made a fourth and final attempt to schedule Plaintiff's deposition for June 8, 2012, but again, Plaintiff did not appear. Discovery closes on August 1, 2012 (doc. 17).

Defendants moved to dismiss for failure to prosecute on June 8, 2012 (doc. 24). Plaintiff responded on June 20, 2012 (doc. 26). Defendants replied on June 27, 2012 (doc. 27).

## LEGAL STANDARD

According to the United States Supreme Court, Link v. Wabash R. Co., 370, U.S. 626, 629-630 (1961), the courts have the power to dismiss for plaintiff's failure to prosecute.

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [plaintiff's] failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law, e.g., 3 Blackstone, Commentaries (1768), 295-296, and dismissals for want of prosecution of bills in equity, e.g., id., at 451. It has been expressly recognized in Federal Rule of Civil Procedure 41(b). . .

Today's version of the Federal Rules of Civil Procedure still allow for cases to be dismissed when a plaintiff does not move a case forward.

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

## DISCUSSION

Plaintiff has established a pattern of non-participation in court cases bearing her name. As discussed above, Plaintiff has failed to participate in preparing written discovery responses, failed to appear more than once at her own deposition, and failed to maintain contact with the

attorney representing her in this pending civil litigation.  This makes it impossible for Plaintiff to pursue her claims against Defendants and these facts alone are sufficient grounds for the Court to dismiss her case with prejudice in accordance with Fed. R. Civ. P. 41(b) and <u>Link v. Wabash R. Co.</u>, 370, U.S. 626, 629-630 (1961).

      However, as an alternative rationale for dismissing the case, the Court is compelled to note that Plaintiff's reason for non-participation in the case also favors dismissal with prejudice. In August 2011, Plaintiff filed the pending federal civil suit and wished to avail herself of the opportunity to pursue justice through the nation's court system.  Soon thereafter, she absconded from the jurisdiction.  The very next month, a state criminal court judge had to issue two different bench warrants for her failure obey court orders to appear.  On September 7, 2011, the state court judge issued a bench warrant for her failure to appear as ordered by the court for probation violations in a case in which Plaintiff had pled guilty to child abuse, battery against a household member, and criminal damage to property (D-307-CR-200801795) (doc. 27 at 10). The probation violations were apparently larceny and  and conspiracy to commit larceny (D-307-CR-201100982), for which a grand jury indicted Plaintiff on August 11, 2011, just one week before she filed the pending federal civil suit.  Her failure to appear in the larceny case resulted in the state court issuing a bench warrant for Plaintiff's arrest on September 26, 2011 (doc. 27 at 7).  Plaintiff's refusal to appear for a deposition in the civil case in or near the criminal court issuing the bench warrant for her arrest appears to be linked to Plaintiff's desire to avoid responding to criminal charges.

      The Court will not indulge a plaintiff who fails to participate in a federal civil matter because she desires to be a fugitive from the state criminal court.  Wishing to remain a fugitive in an undisclosed location to avoid responsibilities in state criminal court and therefore being

unavailable for deposition in a federal civil suit is not good cause for granting a stay or extension of time to complete discovery.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion to Dismiss For Failure to Prosecute **(doc. 24)**.  The case is dismissed with prejudice.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE